**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50158 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00367-RGK |
| v. | |
| KEITH LEON SMITH, AKA Christopher Griffen, AKA Chris Griffin, AKA Christopher Griffin, AKA Ken Smith, AKA Kenneth Anthony Smith, AKA Leon Smith, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued & Submitted October 11, 2018
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and SIMON,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Keith Leon Smith appeals his conviction and sentence for assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b). The incident occurred after officers located Smith in Carson, California, two years after he absconded from federal supervised release. When the officers blockaded his van, Smith accelerated and drove directly toward Deputy Beeler, causing Beeler to jump out of harm's way.

On appeal, Smith challenges the *mens rea* jury instruction, contending it did not adequately instruct the jury on the intent required for an "intent to frighten" theory of assault. Not only did Smith waive this objection by failing to object on this basis below, but the two relevant jury instructions (Instructions 29 and 30), when read together, do not misstate the law. Smith also argues that the jury lacked sufficient evidence to conclude that he intended to do anything other than flee. But the record contains more than enough evidence to conclude that when Smith accelerated his van towards Beeler, Smith intended to frighten Beeler.

Smith next contends that the district court erred at sentencing in finding, by a preponderance of the evidence, that he intended to injure Beeler—a prerequisite to applying the aggravated assault guideline. Although the jury did not find such intent beyond a reasonable doubt, the record more than supports the court's finding at sentencing under the preponderance-of-the-evidence standard.

2

Applying both the aggravated assault guideline (U.S.S.G. § 2A2.2), and the dangerous weapon enhancement (U.S.S.G. § 2A2.2(b)(2)(B)) did not impermissibly punish Smith twice for the same conduct because the guideline and enhancement focus on different aspects of Smith's conduct: The guideline applies because the assault *involved* the use of a van with intent to injure; the enhancement applies because Smith actually *used* the van as a weapon by accelerating toward Beeler. *See United States v. Reese*, 2 F.3d 870, 896 (9th Cir. 1993).

Finally, Smith waived his argument that the government should have disclosed the first grand jury transcript when he withdrew the request below. *See United States v. Manarite*, 44 F.3d 1407, 1419 n.18 (9th Cir. 1995) ("[W]ithdrawal of an objection is tantamount to a waiver of an issue for appeal."); *United States v. Moore*, 653 F.2d 384, 389–90 (9th Cir. 1981). Additionally, any problem with the testimony of a witness in the first grand jury proceedings could not have resulted in reversible error: Smith was tried after a second grand jury independently indicted him without hearing from that witness, and the trial jury convicted on a similar record.

**AFFIRMED.**